## ABERCROMBIE et al. v. NORRIS & LITTLE.

1. The evidence authorized the verdict.
2. The evidence admitted over the objection that it was hearsay does not appear to have been of sufficient materiality to require the granting of a new trial.

Argued January 15,—Decided May 16, 1908.

Trover. Before Judge Kimsey. Douglas superior court. July 6, 1907.

Trover was brought to recover certain horses or their value. The verdict was in favor of the plaintiffs. The defendants' motion for a new trial was overruled, and they excepted. The motion as amended contained the general grounds, and the following special ground: "The court erred in admitting the following testimony: The court allowed the witness J. C. Norris to testify, on

direct examination for and by the plaintiff, that on his way from Anniston, Ala., to Douglasville, Ga., various parties told him that certain horses had passed this route; that such parties described such horses, and that these descriptions corresponded to his stolen horses and buggy. Defendants or movants objected to this testimony, as hearsay, and the court admitted such testimony, as information gotten by the said witness as to the tracing of the horses. The movants objected to said testimony, as hearsay, at said trial, and asked the court to rule it out on said grounds; and the court admitted said testimony over objections aforesaid, which ruling of the court movants assign as error." The court approved this ground "as correct, when taken with questions and answers hereto attached." The questions and answers referred to in the judge's certificate were as follows: "'The witness: 'I telephoned to somebody at Lincoln; our man was not there.' Mr. Roberts: 'We object to that.' Mr. W. A. James: 'We are trying to show that he traced them, and the efforts he made to find them.' The witness: 'I went towards Lincoln, and went all round in that neighborhood, and couldn't find any trace of them. I come back to Anniston and got him started out of town towards Atlanta. I come through Oxana.' Q. 'What kind of a vehicle?' A. 'Horse and buggy.' Q. 'What trace did you make of these horses?' A. 'I just traced them along; inquired along from place to place; would go to every house I come to, along the roadside and in town, and so forth; give a description of the horses.' Q. 'State whether or not you got any information.' A. 'Yes, sir, every place got information.' Mr. Roberts: 'We object to that as hearsay testimony, and not admissible in this case.' Mr. W. A. James: 'We are tracing them.' The court: 'I overrule the objection and allow him to state any information he got as to the tracing of them.' Q. 'State how you traced them.' A. 'Traced them from place to place, out of town, from house to house, give a description of the horses, buggy, and man.'"

*Roberts & Hutcherson,* for plaintiffs in error.

*J. S. James* and *W. A. James,* contra.

BECK, J. (After stating the facts.)

1. The verdict was authorized by the evidence. The testimony in the case was lengthy, and it would serve no useful purpose to set out the same in the report. After careful examination of all

the evidence, we are satisfied that it authorized the jury to return a verdict against the defendants.

2. While the single special ground of the motion for a new trial sets forth the evidence alleged to have been objected to as hearsay, we construe the judge's certificate as a refusal to certify that the alleged hearsay evidence was that contained in the ground of the motion referred to, and that the evidence which was really admitted by the court, over the objection stated, is to be found in the "questions and answers attached" to the motion for new trial. We do not approve this method of framing a motion for a new trial. Each ground of the motion should be complete in itself; and where the ground relates to the admission of testimony, it should show in itself the testimony admitted over objection, and what objection was urged to the testimony at the time it was offered. But in this case we are compelled to compare what is stated in the motion with certain questions and answers attached thereto, in order to discover exactly what testimony was admitted over objection. And we find that the only objection made with a statement of the grounds of the objection was to an answer made in response to the following question: "State whether or not you got any information?" The answer was, "Yes, sir, every place got information." We think that the objection should have been sustained, as it is clear that the only answer which could be elicited by the question just quoted would be amenable to the rule which excludes hearsay testimony. But, inasmuch as the witness merely answered, when asked whether he had gotten any information, "Yes, sir, every place got information," and did not state what that information was, it would seem that the answer was not of sufficient materiality to require the granting of a new trial, though it was of such a character that it should have been repelled on the objection made. It is true that the court, in refusing to repel the evidence, said, "I overrule the objection and allow him to state any information he got as to the tracing of them" (the animals); and counsel for the plaintiff pursued the examination, by asking the following question: "State how you traced them," and the witness responded: "Traced them from place to place, out of town from house to house, give a description of the horse, buggy and man." This testimony also was clearly objectionable, on the ground above stated; but it is so vague and indefinite that we do

not feel authorized to hold it to be of such materiality that its admission in evidence could have been hurtful to the defendant.

*Judgment affirmed. All the Justices concur.*