## 2889. BLANCHARD v. THE STATE.

1. The evidence fully authorized the conviction.
2. Witnesses are not to be discredited for slight discrepancies as to immaterial matters. The instruction given on this subject in the present case was couched in language somewhat inapt; but this ineptitude was not sufficiently important, from the standpoint of error, to require a reversal.
3. The exceptions relating to other alleged errors of law are not well taken.
4. The alleged grounds of newly discovered evidence were not even prima facie well taken. Hence, any error in the admission of evidence on the counter-showing was wholly immaterial.

DECIDED NOVEMBER 11, 1910.

Indictment for sale of liquor; from Worth superior court— Judge Park. July 23, 1910.

*J. J. Forehand,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

POWELL, J. Only the proposition stated in the second headnote seems to require any further statement. There was apparently a slight discrepancy between the testimony of two of the State's witnesses. One of them testified that the defendant had liquor and sold it, "down the road between Charity Grove [church] and Mr. Warren Hill's, and not far from the well." The other testified that the transaction occurred, at the church, "near the well," and not "down the road toward Mr. Warren Hill's." Later the first witness explained that he referred to the public well which was near the church, and that the transaction occurred "about 30 or 40 yards—not far—from the public well." In the first examination this witness had spoken of the transaction as occurring at a school celebration at Charity Grove Church. The court charged the jury in language taken in substance and almost in letter from *Cobb* v. *State,* 27 *Ga.* 648, 685, as follows: "If the witnesses agree as to the material facts in the case, slight discrepancies as to any collateral attendant facts afford no ground upon which you should discredit the witness."

It is only through hypercriticism that the alleged contradiction. between the witnesses appears. A mind not straining to discover mere verbal discrepancies would not recognize any difference in meaning between what each of the witnesses said. As was pointed out by the Supreme Court in *Mann* v. *State,* 124 *Ga.* 760, 766 (53 S. E. 324, 4 L. R. A. (N. S.) 934), the language used in the *Cobb* case is not very accurately chosen to express the idea that witnesses are not to be discredited by minor conflicts as to mere immaterial matters. The phrases "immaterial matters" and "collateral attendant facts" are primarily not absolutely synonymous; for collateral attendant facts may be material; but in the instruction before us the phrase "collateral attendant facts," being placed in antithesis to the phrase "material facts," does, by every fair rule of construction, become, for the nonce, equivalent in meaning to the phrase "immaterial facts." And, as was further pointed out, in the *Mann* case, supra, an error of this character, even though well taken, is too slight to require a new trial where the evidence well supports the verdict. *Judgment affirmed.*