## 3576.  HERRING *v.* THE STATE.

1. The evidence authorizes a conviction.
2. Ordinarily it is not cause for a mistrial in a criminal case that the solicitor-general merely tenders illegal testimony, where the court refuses to admit it, and instructs the jury not to consider it.
3. The charge of the court was not subject to the assignments of error made against it.

DECIDED OCTOBER 10, 1911.  REHEARING DENIED NOVEMBER 20, 1911.

Indictment for misdemeanor; from city court of Macon—Judge Hodges. June 24, 1911.

*W. D. McNeil,* for plaintiff in error.

*W. J. Grace, solicitor-general,* contra.

POWELL, J. 1. The defendant was indicted for keeping intoxicating liquor on hand at his place of business. Liquor was found in his store, and also in an adjacent barn. His defense was that the liquor had been put there, without his knowledge or consent, by other persons. If the jury had believed the witnesses by whom the accused attempted to support this defense, they doubtless would have acquitted him; but evidently they did not believe the witnesses. We do not blame the jury for refusing to believe the testimony of these witnesses, for it carried on its face the inherent marks of falsity, and jurors are not required to believe even sworn testimony which, because of its inconsistencies, improbabilities, and contradictions, does not commend itself to the reasonable mind as being true.

2. A witness for the defendant had testified that he was a clerk in the defendant's store, and that no liquor had been kept therein since the defendant had pleaded guilty (at a previous date) of the offense of selling liquor. The State cross-examined him as to the time when his employment began, and, for the purpose of showing that he had not truly stated the length of his service, offered in evidence the former indictment against the accused. Defendant's counsel objected to the solicitor's introducing this indictment, and moved that the court declare a mistrial because he had tendered it in evidence. There was nothing in this transaction which required the grant of a mistrial. The judge did all that he was required to do when he sustained the objection to the testimony, even if the testimony was not legally admissible; but he went further and told the jury to disregard this matter entirely, and not to let it influence them in any way. Certainly the defendant will not be given a new trial for this occurrence, under the circumstances.

3. Certain criticisms are made upon the charge of the court, but, without going into details, we will simply say that there was no error, and that the defendant was fairly tried and legally convicted.        *Judgment affirmed.*