33457. CHAMPION *v.* THE STATE.

DECIDED APRIL 19, 1951. REHEARING DENIED JUNE 5, 1951.

*James W. Arnold,* for plaintiff in error.
*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Counsel for the defendant contends that the evidence is insufficient to support the verdict of guilty without the testimony of the witness Chandler and that this witness was successfully impeached. Code § 38-1802 provides as follows: "A witness may be impeached by disproving the facts testified to by him." Chandler's testimony was contradicted by one of the police officers and the witness for the defendant who was present on one material point, they having testified that Chandler first identified the wife of the defendant as the person from whom he ,bought the whisky,, and Chandler having denied this part of their testimony. The truth of the testimony of the police officer and the defendant's witness may also be inferred from the equivocal character of the testimony of officer Lampkin. A part of Code § 38-1803 provides as follows: "A witness may be impeached by contradictory statements previously made by him as to matters rele-

vant to his testimony and to the case." It therefore follows that the jury was authorized to find that this witness was successfully impeached. He was successfully contradicted. However, Code § 38-1806 provides as follows: "When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury, but if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence. The credit to be given his testimony where impeached for general bad character or for contradictory statements out of court shall be for the jury to determine." Where a witness swears wilfully and knowingly falsely his testimony shall be disregarded entirely. The fact that a witness has sworn wilfully and knowingly falsely is unequivocally determined where he swears to two conflicting statements in the same case. Where this is done the testimony of such witness must be disregarded entirely by the jury unless one or the other of such statements is corroborated. See *Crowe* v. *State*, 83 *Ga. App.* 325, 327 (63 S. E. 2d, 682).

On the other hand, where a witness is sought to be impeached by disproving facts testified to by other witnesses which results only in a conflict between their testimony and his, it is the province of the jury to determine which of the witnesses has spoken the truth, even if in order to do so it is necessary to impute perjury to one or the other. See *Hunter* v. *State*, 136 *Ga.* 103 (1) (70 S. E. 643). The witness Chandler did not himself swear to two conflicting states of facts. He testified that he bought the whisky from the defendant. He was sought to be impeached by showing that he made a prior contradictory statement to the effect that he bought the whisky from the wife of the defendant, under Code § 38-1803, supra. However, as provided in Code § 38-1806, supra, the credit to be given his testimony notwithstanding his prior contradictory statement is for the jury to determine. See *Haywood* v. *State*, 114 *Ga.* 111 (1) (39 S. E. 948); *Waycaster* v. *State*, 136 *Ga.* 95 (3) (70 S. E. 883); *Smith* v. *State*, 7 *Ga. App.* 710 (1) (67 S. E. 1048); *Ware* v. *State*, 18 *Ga. App.* 107 (3) (89 S. E. 155); *Henderson* v. *Cook*, 27 *Ga. App.* 512 (1) (108 S. E. 904).

The evidence authorized the verdict, and the judgment of

the trial court overruling the motion for a new trial is without error.

*Judgment affirmed.   MacIntyre, P.J., and Gardner, J., concur.*