36719. AIKEN *v.* GLASS *et al.*

DECIDED MAY 17, 1957—REHEARING DENIED MAY 29, 1957.

*G. Seals Aiken*, for plaintiff in error.

*Arnold & Gambrell, John E. Dougherty*, contra.

TOWNSEND, J. ■ ■ Paragraphs 20 (e) and (g) of the petition which alleged negligence on the part of the defendants in operating and allowing to be operated a truck on which the rear view mirror was broken, and which was so constructed that the body of the truck extended horizontally beyond the cab so that the driver could not see around the side to tell whether traffic was approaching from the rear, were stricken on demurrer, but these rulings are moot because substantially the same allegations of negligence were added by an amendment which alleged in part that the defendant's truck was so enclosed that the driver could not see to his left or to the rear what traffic was approaching as the truck extended several feet out and beyond the cab on each side in the rear and obstructed the view of the driver accordingly, and had no means whereby its operator could see what traffic was approaching in the rear or to the left, and the owner *with full knowledge of these facts* directed his employee to operate it. The italicized words were stricken on demurrer. This, however, is not error harmful to the movant since, as no issue was made regarding Glass's ownership or Speight's agency, knowledge of these facts was necessarily imputed to Glass. The court charged the jury that the plaintiff contended that the defendant owner directed Speight to operate the truck and that Speight with full knowledge of these facts did so operate it without being able to see the plaintiff's car approaching. He also

charged that if the plaintiff proved that some one or more of the acts of negligence alleged was the proximate cause of injury, the plaintiff would be entitled to recover against the defendants. Accordingly, these rulings show no cause for reversal, for the effect of the charge would be to allow the plaintiff to recover on proof of this allegation of negligence if the driver had knowledge of these facts without requiring proof that the owner also had actual, as opposed to constructive, knowledge thereof.

■ Allegations in an answer that the plaintiff's injuries resulted solely and proximately from his own failure to exercise care for his own safety are not demurrable as conclusions. *Southern Ry. Co.* v. *Elliott,* 92 *Ga. App.* 309, 318 (88 S. E. 2d 413). The trial court did not err in overruling the plaintiff's demurrers to the answer on this ground.

■ Special ground 4 of the amended motion for a new trial complains that counsel was not permitted to ask the individual members of the proposed panels of jurors in effect whether the juror would return a verdict for the plaintiff *in the amount sued for,* if the plaintiff proved he was injured in that amount. In this connection $50,000 of the $51,334.75 sued for is sought as general damages, including pain and suffering, because of the effects of the injuries on the plaintiff's person. Error is also assigned by special ground 5 which relates to the exclusion of medical charts showing human anatomy. Ground 9 concerns the reading of excerpts from medical textbooks; grounds 17 and 20 concern requested charges on pain and suffering. All of these grounds relate to the right to, or the amount of, damages, and any errors therein are harmless to the plaintiff since the verdict for the defendants could only have been returned on the theory that there was no liability. This being so, the question of the amount of damages, to which all of these grounds refer, was not before the jury for consideration. These special grounds are accordingly unnecessary for consideration. *Beardsley* v. *Suburban Coach Co.,* 83 *Ga. App.* 381 (9), 392 (63 S. E. 2d 911).

■ Special ground 6 contends that the court "committed reversible error in withholding from the jury plaintiff's exhibit No. 5 against the demand of movant and in making the comments pertaining thereto of a prejudicial nature to movant as set forth

in this ground." The testimony in this connection set forth covers four pages and contains 15 comments and rulings of the court pertaining thereto, and the ground fails to point out which particular comments were considered prejudicial. The function of a special ground of a motion for a new trial is to point out clearly and concisely what error is alleged to have been committed, and where it is attempted to assign error on a number of diverse elements, some of which, at least, are not objectionable, the ground as a whole is not good. *Clay* v. *Smith,* 108 *Ga.* 189 (33 S. E. 963); *Southern Ry. Co.* v. *Miller,* 3 *Ga. App.* 410 (59 S. E. 1115); *Jones* v. *Blackburn,* 75 *Ga. App.* 791 (44 S. E. 2d 555); *Brown* v. *Brown,* 89 *Ga. App.* 428 (80 S. E. 2d 2). Special grounds 7, 8, 10, 11 and 25 also contain this defect and are not passed upon for the same reason.

Special grounds 12, 13 and 15 contend that the court erred in stating the contentions of the defendants that the plaintiff's car attempted to pass and collided with him after the driver had commenced his left turn, on the ground that there was no evidence to support this contention. It is contended in special ground 14 that the court erred in charging that one cannot recover for injuries inflicted with his consent or by his own negligence. Special ground 21 contends that it was error for the trial court to refuse the following request to charge: "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." Special ground 23 complains of a very long excerpt from the charge relating to ordinary care which correctly enunciated the law involved for the reasons set out above—that is, that there was no evidence that the plaintiff was negligent, and that the failure to charge as requested distorted the meaning of the charge as given and placed on the plaintiff the burden of showing that he was not lacking in ordinary care. Special ground 24 contends that a verdict in favor of the plaintiff was demanded by the evidence. These grounds are accordingly considered together and in connection with the general grounds.

The evidence of the defendants' witnesses which supports

the contentions of the defendants as alleged and the verdict of the jury as rendered is to the effect that Speight was proceeding in a northerly direction along Church Street in the center lane of the right half of the street, that he signaled a left turn (as to whether a person approaching from the rear could see the hand signal beyond the truck panel, however, the evidence was in dispute) ; that the plaintiff did not sound his horn but attempted to pass while in the left half of the street, going at a speed of 35 to 40 miles per hour; that the defendant driver was proceeding at about 5 to 10 miles an hour, and the right side of plaintiff's car as it passed raked across the left front fender of defendant's truck; that the defendant's truck stopped immediately on impact, and the plaintiff's car proceeded approximately 2 car lengths before coming to a stop; that at the point of impact the defendant had already commenced his turn and the front wheels of the truck were about a foot and a half across the center line of the street. These facts supported the allegations of the answers, the charge in connection therewith, and the verdict of the jury in favor of the defendants on the theory that after the defendant driver had properly signaled and commenced his turn the plaintiff passed him in the wrong traffic lane and at an excessive speed, and that he failed to exercise ordinary care to notice that the defendant was already in the act of turning to the left across the lane of oncoming traffic.

It is not ordinarily a ground for reversing a case that the court, in giving in charge a principle of law, includes some irrelevant matter, unless its content is such that the jury might be misled thereby. *Milam* v. *Mandeville Mills,* 41 *Ga. App.* 62 (6) (151 S. E. 672) ; *Benton Rapid Express* v. *Sammons,* 63 *Ga. App.* 23 (10 S. E. 2d 290). That the court read to the jury a Code section which in substance provides that no person shall recover damages for injuries to himself where the same is done by his consent or caused by his own negligence was not error, either on the ground that there was no evidence to support a finding of negligence, or that it injected the issue of consent into the case, there being no evidence that the plaintiff had "consented" to be run into. The charge in context had reference to possible negligence of the plaintiff in placing his automobile in a

position where it and the automobile of the defendant collided, and could not otherwise be understood by the jury.

■ Special ground 21, which requested a charge of Code § 38-103, is without merit for the reason that under these facts as related to the pleadings, there was no "negative affirmation" the burden of proof of which would lie on the party affirming it. The defendants charged generally that the plaintiff's injuries, if any, were caused by his own negligence, but this does not mean that the defendants thereby undertook affirmatively to prove that the plaintiff was negligent, or else lose the case. The court correctly charged here that "the effect of the defendants filing their answers to the plaintiff's petition is to put the burden of proof on the plaintiff to prove to your satisfaction by a preponderance of the evidence that the allegations which he makes are true," and this is so whether the defendants simply denied the allegations of the petition or whether they went further and said in effect that any injuries the plaintiff received were due to his own lack of care. As stated in *Trammell* v. *Atlanta Coach Co.*, 51 *Ga. App.* 705, 714 (181 S. E. 315): "As we understand it, the answer did not set up any affirmative defense. If the answer had admitted the facts stated in the petition, and had set up in justification or avoidance thereof an affirmative plea, the burden would have been upon the defendant to sustain such a defense. The amended plea, however, was but an elaboration of the general denial that the injuries sued for were occasioned by the accident, and was thus evidential or argumentative in its character." That part of the answer here which says in effect that the plaintiff caused his own injuries is likewise but an elaboration of its general denial that the injuries sued for were occasioned by the negligence of the defendants. Recognizing as we do that there was no request to charge in the *Trammell* case, as there was here, and recognizing also that courts should charge all apt and pertinent principles of law requested, nevertheless this request, at least insofar as it refers to proof of a negative, is inapplicable to the issues involved, and the failure to give it in charge was not error. It follows from what has been said as to these grounds that, neither considered separately nor in relation to each other, do they appear to contain any reversible error. This case does

not involve, as did *Williams* v. *Southern Ry. Co.*, 126 *Ga.* 710 (55 S. E. 948) cited by the plaintiff, the defense that one party, after discovering the negligence of another, failed to exercise ordinary care to avoid it. Nor do the answers contain a specific affirmative defense with specific affirmative allegations of negligence against the plaintiff, as was the case in *Life & Cas. Ins. Co.* v. *Gartrell*, 74 *Ga. App.* 204 (39 S. E. 2d 437); *Southern Ry. Co.* v. *Jackson*, 65 *Ga. App.* 316 (16 S. E. 2d 147), and like cases cited by the plaintiff in error.

■ The court charged fully on the question of impeachment by prior contradictory statements, and also charged Code § 38-1806 that "when a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury, but if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." Error is assigned in special ground 22 that the court failed to give a requested charge in the language of Code § 38-1802 as follows: "A witness may be impeached by disproving the facts testified to by him." It may be, as suggested in *Southern Ry. Co.* v. *O'Bryan*, 119 *Ga.* 147, 150 (45 S. E. 1000), that this Code section would not be inappropriate in any case where there is a conflict in the evidence. But where it is sought to disprove the facts testified to by one witness merely by putting up another witness who testifies to a contradictory state of facts, there results only a conflict of witnesses, and it is then the province of the jury to determine which of the witnesses has spoken the truth. *Champion* v. *State*, 84 *Ga. App.* 163 (2) (65 S. E. 2d 280). The charge of the court applies to just this situation, for it left to the jury whether any witness had been successfully contradicted, and, if so, left to the jury a determination of the credit to be given such witness on other matters. This is, of course, the result of impeachment by disproving facts testified to, or impeachment by any means other than wilfully and knowingly swearing falsely. In the present case, although it is always better practice for the court to give an apt and pertinent request to charge in the language requested, and although here the court did not charge in the language of Code § 38-1802, nevertheless,

what he did charge as applied to the testimony in this case meant the same thing. This is true for the reason that, although there was a direct attempt to impeach one witness by prior contradictory statements, there was no other attempt to impeach any witness for the defendants except insofar as the testimony of the defendants' witness conflicted with that previously adduced by the plaintiff's witnesses, and except for a statement of Dr. Bondurant, medical witness for the defendants, that Dr. Aiken had told him on examination that he had hurt his right knee in college, which statement Dr. Aiken, on being recalled to the witness stand, denied. Accordingly, since the question of damages was never reached by the jury, and since the charge as a whole correctly left to the jury the question of credibility where there developed a conflict of witnesses, the failure of the court here to give the requested charge is not of such materiality as to cause a reversal of this case.

The combined briefs of counsel for both sides total in excess of 275 pages. They contain hundreds of citations presented here in support of the relative contentions of counsel on the many issues involved in this record. While this court has examined these citations, time and space will not permit a discussion of each.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*