36831. HARDY *v.* WAITS *et al.*

DECIDED SEPTEMBER 24, 1957—REHEARING DENIED
OCTOBER 17, 1957.

*G. Seals Aiken,* for plaintiff in error.
*A. Paul Cadenhead, Nall, Sterne, Miller, Cadenhead & Dennis,* contra.

FELTON, C. J. 1. The fourth ground of the amended motion for new trial complains of the refusal of the court to give requested instructions to the jury concerning statements made to the jury by the defendant's counsel in his opening statement to the jury. The substance of the statement complained of was that the plaintiff did not make a claim for, or go to a doctor on account of, his alleged personal injuries resulting from the collision of his automobile with the defendant's automobile until he had hired a lawyer and until his lawyer had referred him to a doctor and that it was the defendant's contention that based on those facts the action was a trumped-up law suit. We think the court erred in not granting the plaintiff's motion that the court instruct the jury that defendant's counsel's remarks, contentions and argument were improper and reflected upon plaintiff's coun-

sel and should be utterly disregarded by the jury in their consideration of the case. The statement complained of was susceptible to the construction that, based on the facts stated, the attorney was a party to a trumped-up law suit which means a fraudulently framed-up law suit. The mere facts that a person had not complained of or planned to base a claim on personal injuries before planning to institute an action for property damage resulting from an automobile collision and that, after hiring a lawyer, he referred the client to a doctor to be examined for personal injuries are not sufficient to show that a law suit was trumped-up or framed-up, and the remarks made were prejudicial and detrimental to the plaintiff and his cause and the court could correct the error only by granting the requested instructions, which were correct and adapted to the facts. This is not to say that a defendant cannot by any legal means prove that a law suit is trumped-up, either by impeaching the plaintiff or showing conspiracy between him, his lawyer and doctor, or between any combination of them, but the mere fact that a lawyer refers a client, who has been in an automobile collision, to a doctor to be checked for personal injuries is not even a badge of fraud whether or not the client has experienced physical pain and injury prior to planning to institute an action for property damages resulting from the collision. The contention of the defendant in error that the above question is moot because the jury found in favor of the defendant's counter-claim, showing that the jury found that the plaintiff's negligence was the cause of the collision, is without merit. The harm done by the improper statement to the jury pervaded all phases of the case and not merely the question of whether the plaintiff was injured by the collision. The matters referred to in *Aiken* v. *Glass*, 95 *Ga. App.* 849 (2) (99 S. E. 2d 426) did not infect the whole case but referred solely to damages and the amount after a finding of liability.

2. Many of the assignments of error have reference to the matter of the attorney's having referred the client to a doctor. In view of the above ruling it is unnecessary to pass upon these assignments as they should not recur on another trial. As an instance, the fifth ground of the amended motion complains that

the fact that the attorney referred the client to a doctor was sought to be proved by hearsay.

3. All of the other assignments of error not referred to above are without merit.

The court erred in denying the motion for new trial because of the reason given in the first division of this opinion.

*Judgment reversed. Quillian and Nichols, JJ., concur.*