19947.   WAITS *et al. v.* HARDY.

ARGUED FEBRUARY 11, 1958—DECIDED MARCH 7, 1958—
REHEARING DENIED MARCH 21, 1958.

*Nall, Sterne, Miller, Cadenhead & Dennis,* for plaintiffs in error.

*G. Seals Aiken,* contra.

ALMAND, Justice. The sole question for determination in this case is whether the Court of Appeals, in its review of the case, erred in reversing the judgment of the trial court overruling the 4th ground of the amended motion for a new trial, which ground alleged that the trial judge erred in not giving to the jury instructions requested by counsel for the plaintiff, concerning certain statements made by counsel for the defendant in his opening statement to the jury before the introduction of any evidence, it being the contention of counsel that such statements were improper, prejudicial, and harmful to the plaintiff and his counsel.

██ Headnotes 1 and 2 require no elaboration.

█ The record discloses that Hardy filed his suit against Waits and another to recover damages on account of personal injuries alleged to have been sustained in an automobile collision. The defendant Waits filed her counterclaim, seeking to recover property damages growing out of the collision. On the trial before a jury, a verdict was returned in favor of the defendants, and a money judgment was rendered in favor of defendant Waits on her counterclaim. Hardy's motion for a new trial as amended was denied.

Ground 4 of the amended motion for a new trial asserts that the trial judge erred in failing and refusing, upon motion by counsel for the movant, to state to counsel for the defendant in the presence and hearing of the jury that the statement made by defendants' counsel in his opening remarks to the jury—"that movant did not even go to a doctor until he employed G. Seals Aiken as his attorney, that the said Mr. Aiken then sent movant to a doctor and that this is a 'trumped-up' law suit"—was improper and reflected upon movant's counsel and to instruct counsel to desist from making such remarks, and that the jury be instructed that such remarks, contentions, and arguments were improper, illegal, and reflected upon movant's counsel and should be disregarded entirely by the jury. The record discloses that, at the time the objection was made, the court stated to the jury "that what the lawyers were stating was their contentions and it was not evidence and was not to be considered as evidence; it was not necessarily the truth in the case, but each side had the right to state what they hoped to prove of their contentions; they [the jury] are not to consider what they said

as evidence in the case." During the argument of movant's motion out of the presence of the jury, the court said: "Just what he meant by 'trumped-up', I take it to mean that he contends that there is no merit in the case and the case has no foundation of fact on which to be brought. If he can prove that, why, of course, I think that is right." In reply to the contention of movant's counsel that the remarks of defendants' counsel were a reflection upon him as a lawyer and an officer of the court, the court said: "I don't think he intended to mean that you did anything unethical or that you went out and stirred up litigation or anything like that."

In its opinion, the Court of Appeals stated: "We think the court erred in not granting the plaintiff's motion that the court instruct the jury that defendant's counsel's remarks, contentions and argument were improper and reflected upon plaintiff's counsel and should be utterly disregarded by the jury in their consideration of the case. The statement complained of was susceptible to the construction that, based on facts stated, the attorney was a party to a trumped-up law suit which means a fraudulently framed-up law suit." *Hardy* v. *Waits*, 96 *Ga. App.* 511 (100 S. E. 2d 633).

Under the facts and circumstances of this case, we cannot agree to the conclusion reached by the Court of Appeals. Counsel for both parties in either a civil or a criminal case, preliminary to the introduction of evidence, may state to the jury what each expects to prove on the trial, and should be confined to a summary or recital of such matters of proof only as are admissible under the rules of evidence. *Green* v. *State*, 172 *Ga.* 635 (158 S. E. 285); *Sterling* v. *State*, 89 *Ga.* 807 (15 S. E. 743); *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (16 S. E. 49); *Herring* v. *State*, 10 *Ga. App.* 88 (72 S. E. 600); *Daniels* v. *State*, 58 *Ga. App.* 599 (3) (199 S. E. 572). What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair. The language used in the argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded. *Taylor* v. *State*, 121 *Ga.* 348 (7) (49 S. E. 303). "What has transpired in a case from its inception

to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment, and the range of such comment is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled." *Adkins* v. *Flagg*, 147 *Ga.* 136 (2a) (93 S. E. 92). See also *Georgia Power Co.* v. *Puckett*, 181 *Ga.* 386 (182 S. E. 384); *Smith* v. *State*, 204 *Ga.* 184 (2) (48 S. E. 2d 860). Trial courts "should not restrain counsel so long as their arguments are kept within reasonable and proper bounds, and they should also be careful not to usurp the functions of the jury in accepting or in disregarding what the counsel have to say" in their arguments to the jury. *Western & A. R. Co.* v. *Morrison*, 102 *Ga.* 319, 324 (29 S. E. 104, 40 L. R. A. 84, 66 Am. St. R. 173). See *Purvis* v. *Atlanta Northern Ry. Co.*, 145 *Ga.* 517 (2) (89 S. E. 571).

We agree with the trial judge that the argument of counsel for the defendants is not susceptible of being construed as charging the plaintiff's counsel of being a party to "a fraudulently framed-up lawsuit." To state that the plaintiff in a personal-injury suit did not go to a doctor until his lawyer sent him does not charge the lawyer with wrongful conduct. On the contrary, it would seem that a lawyer in accepting employment in a personal-injury case would logically tell his client to be examined by a doctor before he proceeds with the case, so that he may know whether his client has suffered any injury or damage; otherwise, he might have a case of clear liability where there is no injury or damage sustained.

This ruling of the Court of Appeals was erroneous, and its judgment is therefore reversed.

*Judgment reversed. All the Justices concur.*