### 20144.   WAITS *et al. v.* HARDY.

WYATT, Presiding Justice.   The instant case was decided by the Court of Appeals, the decision appearing as *Hardy* v. *Waits*, 96 *Ga. App.* 511 (100 S. E. 2d 633).   This court granted certiorari and reversed the judgment of the Court of Appeals.   See *Waits* v. *Hardy*, 214 *Ga.* 41 (102 S. E. 2d 590).   When the case was returned to the Court of Appeals, another opinion was written, again reversing the judgment of the trial court because certain hearsay testimony was admitted.   This court again granted certiorari, and the case is here for review on this question.   *Held:*

The hearsay evidence admitted by the trial court was in substance as follows: A doctor was testifying and was asked who referred the plaintiff to him.   He answered that he did not know, and that his secretary made the appointments and kept the records.   He was then requested by counsel for the defendant in the court below to telephone his secretary and obtain this information.   After telephoning his office, he testified that counsel for the plaintiff in the court below had referred the plaintiff to him for examination.   This testimony was objected to on the ground that it was hearsay.   The testimony was admitted over this objection.   The Court of Appeals held this to be error.   The judgment of the trial court was reversed.   This evidence was, of course, hearsay.   The question presented is whether or not the admission of this hearsay testimony was such error as requires a new trial.   "Where . . . the petitioners allege that their husband and father fraudulently obtained a divorce in Tennessee from the principal petitioner on March 18, 1937, and that he married the defendant on December 12, 1944, the act of the trial court in permitting one of the petitioners while a witness on cross-examination to testify, over objection of the petitioners, that she had heard that her father got a divorce in Tennessee in 1937, and later married

the defendant, was not, although the evidence was hearsay, such harmful error as would require a reversal." *Griffin* v. *Welch*, 210 *Ga.* 300 (1) (79 S. E. 2d 527). "That certain testimony was admitted over the objection, duly urged, that the testimony was hearsay, will not require the granting of a new trial, it appearing that the evidence, though subject to the objection made, could not have affected the verdict rendered." *South Georgia Ry. Co.* v. *Niles*, 131 *Ga.* 599 (3) (62 S. E. 1042). "When in the trial of an action against a railway company for negligence in damaging property the evidence demands a finding that the defendant was not negligent, an error in the admission of evidence relating to the ownership of the property damaged will not authorize the granting of a new trial." *Marchman* v. *City Electric Ry. Co.*, 118 *Ga.* 219 (44 S. E. 992). A witness may not be impeached simply for the reason that his testimony concerning a wholly immaterial matter may not be in accord with the truth. *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (NS) 934); *Blanchard* v. *State*, 8 *Ga. App.* 419 (69 S. E. 313); *Abercrombie* v. *Norris & Little*, 130 *Ga.* 680 (61 S. E. 532). Both the Court of Appeals and this court in the opinions in this case above cited have said that who referred the plaintiff to the doctor was in effect immaterial. The verdict of the jury in the trial court was amply supported by the evidence, disregarding any testimony affected by the admission of this hearsay testimony. Under the circumstances of this case, the admission of this hearsay testimony could have had no effect upon the verdict rendered by the jury, was therefore harmless, and was not such error as would authorize the grant of a new trial. It follows, the judgment of the Court of Appeals was error.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1958—DECIDED OCTOBER 10, 1958—
REHEARING DENIED NOVEMBER 7, 1958.

*A. Paul Cadenhead, Nall, Sterne, Miller, Cadenhead & Dennis*, for plaintiffs in error.

*G. Seals Aiken, Arthur G. Withers*, contra.