S92A1516, S92X1517. HAGUE et al. v. PITTS et al.; and vice
versa.
(425 SE2d 636)

CLARKE, Chief Justice.

Appellees filed suit against appellants Mary Ellen Hague, her husband and two daughters, alleging, inter alia, that Mary Ellen Hague had obtained monies belonging to appellees through fraud and false pretenses, and had distributed these monies among the other appellants. Appellants counterclaimed, alleging the lawsuit was brought to harass them.

The jury returned special verdicts in favor of appellees on the equitable claims against Mary Ellen Hague, but found no liability on the part of the remaining appellants. The jury found in favor of appellees on the counterclaim. Both parties appealed.

The threshold issue is whether the trial court erred in allowing the trial to proceed, over appellants' objection, with less than 12 jurors. During the trial it became necessary to excuse one of the jurors. When the trial court inquired whether the parties would be willing to continue with eleven jurors if it became necessary to excuse another juror, counsel for appellants stated he did "not want to go with eleven." When the trial court indicated its intention to proceed with 11 jurors should the need arise, counsel for appellants replied, "[t]hat's up to the court, should it come up."

A few days later one of the jurors was injured in an automobile accident and was excused by the trial court over appellants' objection that they did not wish to proceed with only 11 jurors.

On appeal appellant Hague argues that the case must be reversed because she did not waive her right to a trial by 12 jurors. Appellees argue that because appellants did not have a right to trial by jury in an equity case, it was not error to allow the case to be tried by fewer than 12 jurors.

There is no right to a jury trial in an equity case under the Georgia Constitution. *Cawthon v. Douglas County,* 248 Ga. 760 (286 SE2d 30) (1982); *Guillebeau v. Yeargin,* 254 Ga. 490, 493 (330 SE2d 585) (1985). However, the trial court may, in its discretion, authorize a jury to return special verdicts in order to resolve factual disputes. *Guhl v. Davis,* 242 Ga. 356, 358 (249 SE2d 43) (1978). We hold that when the trial court does authorize a jury trial in an equity case, the composition of the jury is governed by the law which controls those cases in which there is a right to a jury trial.

Absent a waiver or a stipulation to the contrary, there is a right

to a 12-person jury in cases tried in superior court. *First Fidelity Ins. Corp. v. Busbia*, 128 Ga. App. 485, 496 (197 SE2d 396) (1973); 1983 Ga. Const., Art. I, Sec. I, Par. XI; OCGA § 9-1-47. We conclude from our study of the record that appellants did not waive their right to a trial by a jury of 12 persons, nor was there a stipulation that the case could be tried before fewer than 12 jurors.

As such, the trial court erred in overruling appellants' objections that they did not wish to proceed with less than a 12-person jury, and the case must be reversed. However, our decision does not prevent the trial court, on remand and in the exercise of its inherent equitable powers, from deciding the case based on the record before it. In the alternative, the trial court may order a new trial.

*Judgment reversed. Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993.

*Pruitt & Britt, Glyndon C. Pruitt,* for appellants.
*James B. Ritchie,* for appellees.