## A01A1863. BROWN v. THE STATE.
(554 SE2d 321)

PHIPPS, Judge.

Lorenzo Brown was convicted of armed robbery and sentenced as a recidivist to 20 years imprisonment without possibility of parole. Following denial of his motion for new trial, he appeals his conviction. Brown claims that he was entitled to a new trial because the trial court erred in its jury charge on armed robbery and in its comments on the fairness of the photographic lineup, and because his trial counsel was ineffective. We find no harmful error and affirm.

State's evidence showed that Cathy Fugatt was employed in a clerical position at the Columbus Police Department and as a cashier at a gas station in Columbus. A man appeared at the gas station while Fugatt was working there, brandished a knife, held it to her throat, and took money from the cash register. Six days later, Fugatt observed Brown seated in a patrol car outside the police station.

---

Although she did not get a good look at Brown, she thought he appeared familiar. When Brown was taken inside the station house, Fugatt got a better view of him and recognized him as the person who had robbed her. She informed a police sergeant, who instructed a detective to compile a photographic lineup and show it to her. Upon viewing the photographic array, Fugatt positively identified Brown as the robber.

1. Brown complains of the trial court's denial of his motion for new trial based on an erroneous jury charge on the offense of armed robbery.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[1] In this case, the trial court in defining armed robbery gave the following unintelligible instruction: "A person commits armed robbery when, with the intent to commit theft of the person of another from the immediate presence of another by use of an offensive weapon, or by any replica, article, or device having the appearance of such a weapon." In other parts of the charge, however, the court correctly instructed the jury on the State's obligation to prove beyond a reasonable doubt that Brown unlawfully with the intent to commit theft had taken currency from the immediate presence of Fugatt by use of a knife, as alleged in the indictment.

Brown complains of the earlier instruction because it did not accurately inform the jury of the elements of the offense charged. It is clear, however, that the trial court's misstatement to the jury resulted from a slip of the tongue. The general rule is that "a mere verbal inaccuracy in a charge, which results from a palpable slip of the tongue, and clearly could not have misled or confused the jury is not reversible error."[2] In this case, Brown did not dispute the fact that an armed robbery had been committed; his defense was that he was not the perpetrator. Under these circumstances, and viewing the trial court's instruction as a whole, "it is difficult to believe . . . that this verbal slip — so slight that neither the defense nor the prosecution caught it at the time — contributed to the conviction[ ]. [Cit.]"[3]

2. Brown contends that he is entitled to a new trial because the trial court, in posing questions to the police sergeant who ordered the photographic lineup and the detective who compiled it, made impermissible expressions of opinion as to what had been proved.

---

[1] OCGA § 16-8-41 (a).

[2] (Citations and punctuation omitted.) *Graham v. State*, 171 Ga. App. 242, 252 (9) (319 SE2d 484) (1984).

[3] *Banks v. State*, 191 Ga. App. 344, 345 (3) (381 SE2d 548) (1989).

"It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."[4] If a judge does express or intimate his opinion on a disputed issue of material fact, it is cause for a new trial.[5] The trial judge may, however, propound a question or series of questions to any witness for the purpose of developing the truth of the case.[6]

In this case, the trial judge propounded questions to the sergeant and detective designed to elicit testimony establishing that the photographic lineup shown to Fugatt was composed of photographs of men with similar appearances and, therefore, was nonsuggestive. We agree with Brown that through comments made during questioning, the judge did intimate an opinion that the lineup was nonsuggestive. We do not, however, find this to be cause for a new trial, because Brown never claimed that the lineup was suggestive. His claim was that the identification procedure was suggestive because Fugatt was shown the lineup after she had identified him in the station house. Under these circumstances, the judge's comments concerning the composition of the lineup do not mandate a new trial.

3. Brown charges his trial counsel with ineffective assistance for failing to object to the judge's comments as to the lineup. For reasons given in Division 2, we find no reasonable probability that the outcome of the trial would have been different had an objection been made.[7]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 23, 2001.

*William J. Mason,* for appellant.
*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Assistant District Attorney,* for appellee.

---

[4] OCGA § 17-8-57.
[5] See *Chapman v. State,* 217 Ga. App. 264 (1) (457 SE2d 206) (1995); *Jones v. State,* 189 Ga. App. 232 (1) (375 SE2d 648) (1988).
[6] *Eubanks v. State,* 240 Ga. 544, 547 (2) (242 SE2d 41) (1978); see *Shields v. State,* 272 Ga. 32, 34 (5) (526 SE2d 845) (2000).
[7] See, e.g., *Rucker v. State,* 268 Ga. 406, 407 (2) (489 SE2d 844) (1997).