### A02A1441. YIM v. THE STATE.
(569 SE2d 601)

BLACKBURN, Chief Judge.

Following a jury trial, Sunny Dara Yim appeals his convictions for armed robbery and burglary, contending that (1) the trial court erred by denying his motion for a mistrial following the improper admission of character evidence and (2) the jury rendered inconsistent verdicts by finding him guilty of armed robbery but not guilty of possessing a firearm during the commission of a crime. Because Yim's contentions are without merit, we affirm.

1. Yim contends that the trial court erred by denying his motion for a mistrial following the admission of certain bad character evidence. To preserve a motion for mistrial for appellate review, however, the motion must be made contemporaneously with the objectionable testimony. *Stephens v. State.*[1] In this case, Yim neither objected to the testimony at the time it was admitted nor moved for a mistrial. Instead, Yim waited until the State's cross-examination of the defense witness had ended before making his motion for a mistrial. Under these circumstances, Yim has waived his right to make this argument on appeal. Id.

2. Yim contends that his conviction must be reversed because the jury rendered inconsistent verdicts by finding him guilty of armed robbery but not guilty of possessing a firearm during the commission of a crime.

> [I]n *Milam v. State*,[2] [the Supreme Court of Georgia] rejected the inconsistent verdict rule in criminal cases. *Milam* involved a criminal defendant charged with two murders committed at the same time. The jury returned a verdict of not guilty by reason of insanity as to one murder, and guilty but mentally ill as to the other murder. [The Supreme

---

[1] *Stephens v. State*, 232 Ga. App. 738, 739 (2) (503 SE2d 643) (1998).
[2] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

Court] affirmed, ruling that there was no error inherent in the inconsistency between the conviction and acquittal. The *Milam* ruling stands for the proposition that a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count. Likewise, virtually all other Georgia cases affirming Georgia's abolition of the inconsistent verdict rule involve jury verdicts of guilty and not guilty that are alleged to be inconsistent. These cases are in accordance with the principle that it is not generally within the trial court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts.

(Footnotes omitted.) *Dumas v. State.*[3]

As the Supreme Court of Georgia has previously rejected Yim's argument regarding inconsistent verdicts, we find that it is without merit.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 24, 2002.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.

---

[3] *Dumas v. State*, 266 Ga. 797, 799 (2) (471 SE2d 508) (1996).