## A03A1249. McCONNELL v. AKINS.
(586 SE2d 688)

ANDREWS, Presiding Judge.

Jimmy McConnell appeals from a jury verdict for defendant Parrish Akins on McConnell's claim for damages incurred after the car in which he was a passenger hit one of Akins's cows. After reviewing the record, we conclude there was no reversible error and affirm.

1. In his first enumeration of error, McConnell claims the trial judge made an improper comment in front of the jury. But, McConnell's counsel did not object to the remarks and did not move for a mistrial. The next day, after the close of evidence, counsel stated that he thought the remarks were improper and moved for a mistrial.

The motion was not timely, and the trial court did not err in denying it. A motion for mistrial must be made at the time the alleged harmful error is committed. *Yim v. State*, 256 Ga. App. 667 (569 SE2d 601) (2002); *Freedman v. Housing Auth. &c. of Atlanta*, 108 Ga. App. 418, 419 (136 SE2d 544) (1963). If no opportunity is given the court to cure any alleged error, it is waived. *Sabree v. State*, 195 Ga. App. 135, 138 (392 SE2d 886) (1990).

2. In his next enumeration, McConnell argues the trial court erred in excusing one of the jurors. After the jury was sworn in but before the start of trial, one of the jurors told the judge she thought that if someone owned livestock and the livestock got out, the owner should be responsible. The court allowed counsel for both sides to question the juror. In response to defense counsel's questions as to whether she could listen to the law and apply it to the facts and "render a verdict that speaks the truth," she responded "yeah." But, when asked if she could return a verdict for the defendant if the evidence showed that he was not negligent, she replied that she was "not sure." Although she also stated that she was not "locked in" on it and she thought she could rule for the defendant if there was evidence that he was not negligent, she also said that she thought it would be wrong for her to sit on the jury and it would take "fairly strong" evidence for her to change her mind.

After both counsel finished questioning the juror, the court again tried to get a definitive answer from the juror as to whether she could be impartial. The juror stated: "To be honest with you, I'm not real sure on how I feel about it at this point . . . so, it probably would be best for me not to sit." The trial court then excused the juror.

" 'Whether to strike a juror for cause is within the sound discretion of the trial court. And inasmuch as the trial court's conclusion on bias is based on findings of demeanor and credibility, which are peculiarly within the trial court's province, those findings are to be given deference.' " *Hoffman v. State*, 259 Ga. App. 131, 135 (576 SE2d 102) (2003), citing *Wolfe v. State*, 273 Ga. 670, 672 (544 SE2d 148) (2001). Further:

In our judicial system, the only purpose for voir dire is to assure that jurors are impartial — that they are able to consider the case solely on its merits without any bias or prior inclination. A party in a civil case therefore has good cause to challenge a juror who has expressed either an opinion that the opposing party ought to prevail or a desire that the other party will succeed. Upon such a challenge, the trial court must consider the evidence and then exercise its significant discretion to retain or dismiss the juror.

(Footnotes omitted.) *Walls v. Kim*, 250 Ga. App. 259 (549 SE2d 797) (2001).

Here, the juror clearly stated that she was biased against the defendant. Accordingly, the trial court did not err in excusing the juror.

3. Next, McConnell argues that defense counsel was allowed to argue law to the jury in opening statements. The complained-of remarks were defense counsel's statements on an anticipated charge to the jury concerning the duty of livestock owners to keep their livestock from straying onto the roadways, the permissible inference of negligence, and the burden of proof.

McConnell cites to no authority that these remarks were reversible error, and we find none. The range of comment in opening statements "is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled." (Citations and punctuation omitted.) *Waits v. Hardy*, 214 Ga. 41, 44 (102 SE2d 590) (1958). "What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair." Id. at 43.

Here, McConnell does not argue that the statements were incorrect or misleading, nor does he point to any harm as a result of the remarks. His only argument at trial and on appeal is that they were made during opening statements rather than closing argument. On appeal, a party must show harm as well as error. Because McConnell has shown no harm as a result of the alleged error, this enumeration

has no merit. See *Kirkland v. State*, 271 Ga. 217, 220 (518 SE2d 687) (1999); *Waits*, supra.

4. Next, McConnell argues the trial court erred when it used the term "accident" in its charge to the jury. The court charged the jury: "If you should find that at the time of the accident — excuse me, at the time of the incident. . . ."

This was a slip of the tongue which was immediately corrected. The general rule is that "a mere verbal inaccuracy in a charge, which results from a palpable slip of the tongue, and clearly could not have misled or confused the jury is not reversible error." (Punctuation and footnote omitted.) *Brown v. State*, 251 Ga. App. 343, 344 (554 SE2d 321) (2001). Here, the trial court immediately corrected the misstatement and there is no possibility that the jury was confused or misled by the error. See *Sears v. State*, 270 Ga. 834, 844 (514 SE2d 426) (1999).

5. In his last enumeration, McConnell claims the trial court erred in refusing to give his requested charge on the permissible inference of negligence. The requested charge stated that "in cases where a person is injured or damaged by livestock straying or running at large there arises a permissible inference authorized by the mere fact of the running at large by the animal that the owner of the livestock was negligent in allowing the stock to run at large or to stray." The trial court stated at the charge conference that it was not giving this charge because similar language was already in the charge. The charge as given stated that "the mere fact that livestock is running at large permits an inference that the owner is negligent in permitting the livestock to stray."

There was no error. "It is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court." (Citations and punctuation omitted.) *Shirley v. State*, 245 Ga. 616, 619 (266 SE2d 218) (1980).

*Judgment affirmed. Barnes, J., concurs. Adams, J., concurs specially.*

ADAMS, Judge, concurring specially.

I fully concur in this opinion, but write separately with regard to Division 2. While I agree with the reasoning in this Division, I note that when the trial court excused the juror, the jury had already been sworn and there is nothing in the record indicating that the juror was replaced. The parties stipulated in the pre-trial order that the case would be tried by 12 jurors, and that no alternate jurors would be selected. They further stipulated that the trial court could excuse two jurors for good cause, but that the case would not proceed to verdict with less than ten jurors. Accordingly, the trial court's authority to

proceed with an 11-member jury arose solely from this stipulation, as it had no authority to proceed with less than 12 members in the absence of such a stipulation or waiver. See Ga. Const., Art. I, Sec. I, Par. XI; *Hague v. Pitts*, 262 Ga. 777 (425 SE2d 636) (1993).

DECIDED AUGUST 15, 2003 —
RECONSIDERATION DENIED AUGUST 27, 2003 —

*Fulp & Holt, Carl G. Fulp III*, for appellant.
*Reinhardt, Whitley, Wilmot & Summerlin, Glenn Whitley*, for appellee.