## 57766. TINGLE et al. v. GEORGIA POWER COMPANY.

CARLEY, Judge.

Mr. and Mrs. Tingle appeal from a judgment of the Superior Court of Clayton County adopting the award and findings of fact and conclusions of law of the special master in a condemnation proceeding, and vesting title to an easement across their property in and to the power company. The enumerations of error do not go to the issue of just and adequate compensation, but contest the condemnation itself, contending that for various reasons the power company was without authority to condemn the Tingle property.

When condemnation proceedings were instituted in Clayton County, where the land is located, the Tingles moved to enjoin the power company's access to the property. The injunction was denied and the property surveyed. After the survey but before the condemnation

was completed the Tingles sought a second injunction to restrain the power company from proceeding further because of its failure to comply with federal laws requiring an environmental impact study. The power company's motion to dismiss for lack of jurisdiction and venue in Clayton County was granted on October 19, 1977, and injunctive relief was denied. No supersedeas was taken by the Tingles, a special master was appointed, hearing held on November 7, and an award was entered. On November 18, 1977, an appeal was filed from denial of the second injunction. On September 12, 1978, that appeal was dismissed on grounds of mootness "since that which the injunction sought to restrain (i.e., the condemnation) has been accomplished and judgment entered thereon. [Cits.]" *Tingle v. Ga. Power Co.,* 147 Ga. App. 775, 778 (1) (250 SE2d 497) (1978).

The Tingles excepted to the award of the special master and following a hearing in Clayton Superior Court the final judgment, here appealed, was entered on March 28, 1978. The power company has filed a motion to dismiss this appeal on several grounds. We agree that the Tingles have acquiesced in the judgment of the superior court vesting title to the easement in the power company by accepting payment of the award of compensation, and are now estopped to protest the condemnation. "[O]bviously one can not voluntarily accept the money awarded for his property and still contest the right to condemn." *Williams v. City of LaGrange,* 213 Ga. 241, 244 (2) (98 SE2d 617) (1957) and cits. See also *Johnson v. Fulton County,* 103 Ga. App. 873, 878 (121 SE2d 54) (1961); Robinson v. Transcontinental Gas Pipeline Corp., 306 FSupp. 201 (7) (N.D. Ga. 1969), affd. 421 F2d 1397, cert. den. 398 U. S. 905.[1]

We are aware that the cases cited involve petitions to enjoin condemnation proceedings, while the instant case is from an appeal of a proceeding brought pursuant to Ch. 36-6A (Ga. L. 1957, p. 387 et seq.). However, as previously noted, every issue raised at the hearing and excepted to on

---

[1] Such acceptance, of course, in no way precludes one from protesting the value amount of the award.

appeal went to the validity of the condemnation itself and, indeed, had also been raised and considered in the prior injunctive proceeding. *Tingle v. Ga. Power Co.,* 147 Ga. App. 775, supra. We conclude, therefore, that the injunction cases are equally applicable here. Accordingly, since it is clear from the record that the funds held in the registry of the court were ordered on December 6, 1977, to be paid out to the Tingles, their attorney and the Tax Commissioner of Clayton County for unpaid 1976 and 1977 taxes, the judgment vesting title in the power company must be affirmed.

*Judgment affirmed. Smith, Acting P. J., and Underwood, J., concur.*

ARGUED MAY 9, 1979 — DECIDED JULY 10, 1979 — REHEARING DENIED JULY 24, 1979.

*McAllister & Roberts, J. Dunham McAllister,* for appellants.

*Hutcheson & Kilpatrick, Lee Hutcheson, Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellee.