## A91A1619. WREGE et al. v. COBB COUNTY.
### (416 SE2d 562)

ANDREWS, Judge.

This is a condemnation case arising out of the following facts. In 1986, Marrett Properties sought to develop a subdivision in Cobb County which was adjacent to appellants' property. In connection therewith, the Cobb County Commissioners, after hearing evidence, condemned a portion of appellants' property for purposes of a sewer easement. When Marrett Properties encountered problems in using the easement as planned, Cobb County condemned a second easement across appellants' property to service the subdivision.

The condemnation proceedings were held pursuant to OCGA § 22-2-100 et seq., and the special master made a value determination, denied the appellants' objections to the non-value issues, and the case then was bifurcated. In February 1987, the value issues regarding the property were heard by a Cobb County jury and subsequently the amount of the jury award was paid into the registry of the court. In the meantime, appellants appealed the non-value issues to the superior court, which found their arguments without merit and upheld the special master's award regarding those issues. Appellants appealed the superior court's determination to this court in *Wrege v. Cobb County*, 186 Ga. App. 512 (367 SE2d 871) (1988), and this court reversed the trial court's decision.

Before the case was readjudicated, in November 1987, appellants withdrew the monies for the condemnation held by the clerk of court. Then, pursuant to this court's decision in *Wrege*, supra, the case returned to the special master for a hearing regarding the non-value issues. At this juncture, the parties entered into written stipulations which stated that all value issues had been resolved and that the appellants had been paid $17,950 for the taking of the property. Included in the record is a copy of the order by which the funds were paid to appellants.

The special master again ruled in favor of Cobb County regarding the remaining issues in the case, and accepted Cobb County's contention that acceptance of the award barred appellants' arguments. Appellants again appealed to the superior court, and the superior court, recognizing that the sole matter before it was the county's right to condemn the property, affirmed the decision of the special master. The superior court also found that by accepting the payment of the jury award appellants had acquiesced in the judgment of the superior court vesting title to the easement and were estopped to contest the

condemnor's right to condemn.

Citing *Tingle v. Ga. Power Co.*, 150 Ga. App. 867 (258 SE2d 668) (1979), Cobb County argues that the superior court's decision was proper, and that appellants' enumerations are without merit since by accepting payment for the property they are estopped to contest Cobb County's right to condemn. We agree. There is no dispute that appellants received payment for the taking of the property. After receiving such payment, they cannot now claim that they may also contest the validity of that taking.

This issue was addressed in the *Tingle* case in the context of a condemnation by a public utility for an easement. Concluding that appellants were precluded from arguing that the condemnation itself was improper since they had been paid for such taking, this court stated: "[w]e agree that the Tingles have acquiesced in the judgment of the superior court vesting title to the easement in the power company by accepting payment of the award of compensation, and are now estopped to protest the condemnation. '(O)bviously one can not voluntarily accept the money awarded for his property and still contest the right to condemn.' *Williams v. City of LaGrange*, 213 Ga. 241, 244 (2) (98 SE2d 617) (1957) and cits. See also *Johnson v. Fulton County*, 103 Ga. App. 873, 878 (121 SE2d 54) (1961); *Robinson v. Transcontinental Gas Pipeline Corp.*, 306 FSupp. 201 (7) (N.D. Ga. 1969), aff'd. 421 F2d 1397, cert. den. 398 U. S. 905." Id. at 868; see also *Johnston v. Clayton County Water Auth.*, 222 Ga. 39 (1) (148 SE2d 417) (1966).

The same logic applies here and appellants are estopped to protest Cobb County's right to condemn. We are not persuaded by appellants' unsupported argument that *Tingle* is not applicable since the property had been taken and put to use prior to the taking of the award. Similarly, our conclusion is not changed by OCGA § 22-2-113. Despite the fact that subsection (a) of that statute states that the acceptance of the award "shall not prevent any party from prosecuting the appeal," this language is not applicable to appeals in which the condemnee challenges the right to condemn, as opposed to the amount of the award. Because of this conclusion, we need not address appellants' remaining arguments.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 6, 1992.

Douglas Wrege, *pro se.*
*Johnson & Lowry, Ronald A. Lowry*, for appellee.