## A93A1508. FULTON COUNTY v. THREATT et al.
### (435 SE2d 672)

BIRDSONG, Presiding Judge.

Fulton County appeals the order of the trial court, filed in January 1993, granting the motion of J. W. Threatt, Jr., and other appellees to set aside a judgment entered on August 10, 1976, awarding condemnees $5,285.23 and condemning certain land for purposes of a permanent sewer easement and temporary construction easement.

Fulton County commenced this condemnation action by filing a complaint in rem in July 1976. Condemnees Threatt and Ace Sand Company filed an answer; a special master was appointed who ultimately entered an award in favor, inter alia, of condemnees in the amount of $5,285.23; the superior court entered an order confirming this award and vesting title to the easements in Fulton County in August 1976. The record reflects that condemnees filed no exceptions to the award. See generally *Leach v. Ga. Power Co.*, 228 Ga. 16, 21-22 (183 SE2d 755). On August 10, 1976, condemnee Threatt filed a timely notice of appeal. However, on August 23, 1976, Threatt voluntarily applied for and thereafter obtained the $5,285.23 award, which had been paid into the registry of the court. On April 9, 1979, Threatt subsequently dismissed his appeal with prejudice. On January 16, 1990, a Fulton County acquisition specialist was assigned a project to coordinate certain easement acquisition; his review of the files revealed that an easement across Threatt's property had been acquired by condemnation in 1976. On March 3, 1990, Fulton County notified Threatt, by certified mail return receipt requested, of its intention to begin construction of the sewer line; sewer line installation commenced on July 25, 1992. The Fulton County land department file and the acquisition specialist's file on Threatt's property revealed no evidence of any complaints having been filed with the land department regarding the 1976 acquisition of the easement by condemnation. Fulton County commenced construction in and usage of the easement area on July 25, 1992. Condemnees initiated no further action in this case until its motion to set aside the 16-year-old judgment was filed on September 18, 1992. Thereafter, before the superior court, condemnees attacked the judgment as being inconsistent and void on its face; however, the record reflects they did not contest the adequacy of the $5,285.23 award. The trial court granted the motion and set aside the condemnation judgment. *Held*:

Pretermitting whether the original condemnation judgment contained either an amendable or non-amendable defect (compare *Leach*, supra at 20), or was, for any legal cause, void on its face, voidable, or valid, is the issue whether condemnees are estopped nevertheless from attacking the 16-year-old judgment by reason of their conduct. We find condemnees are estopped.

1. Regarding the issue of estoppel, the controlling precedent is *Wrege v. Cobb County*, 203 Ga. App. 241 (416 SE2d 562). The ultimate issue litigated before the superior court, during the motion to set aside, was that of the county's right to condemn the property; the record establishes that the issue of adequacy of compensation for the taking was not effectively litigated. As held in *Wrege*, supra at 242, and contrary to appellee's contentions, by accepting payment for the property, condemnees are broadly estopped from contesting not only the county's right to condemn the property but also the *validity* of the taking. The condemnees' acceptance of payment after an award estops the condemnees thereafter from urging objections to the condemnation proceedings (see *Central of Ga. R. Co. v. Bibb Brick Co.*, 149 Ga. 38, 39 (2) (99 SE 126)), to the necessity of the taking, or to the *validity* of the condemnation proceedings (see *Williams v. City of LaGrange*, 213 Ga. 241, 244 (2) (98 SE2d 617)). That is, they are estopped from directly or indirectly protesting the condemnation itself. See *Tingle v. Ga. Power Co.*, 150 Ga. App. 867, 868 (258 SE2d 668). However, if timely pursued, acceptance of payment would "in no way preclude[ ] one from protesting the value *amount* of the award." (Emphasis supplied.) Id. at 868, n. 1.

Additionally, by withdrawing the money without timely protesting the *validity* of the award, appellant was acquiescing sub silentio as to the *enforceability* of the award, and perforce, the adequacy of the description therein contained. Moreover, appellant's act of voluntarily dismissing his appeal is further conduct evincing such acquiescence. To allow appellant to prevail under these circumstances would be contrary to the well-established appellate rule that a party cannot suffer what he deems to be an injustice during the course of a trial, hoping for an acceptable result, and then after the trial first state his objection to the procedure followed. See *Bruce v. State*, 259 Ga. 798 (2b) (387 SE2d 886); *Bolden v. Carroll*, 239 Ga. 188 (1) (236 SE2d 270). Appellant, however, did more than silently suffer; he engaged in a litigative procedure inconsistent with his current claims. Accordingly, invocation of the doctrine of estoppel is clearly appropriate in this instance.

2. Condemnees long ago withdrew their appeal with prejudice; a new appeal cannot now be commenced. However, condemnees assert that, because the judgment is void on its face, it can be attacked at any time. Although OCGA § 22-2-113 (a) provides that the tender, payment, or acceptance of the amount of the award shall not prevent any party from prosecuting an appeal, this provision is not applicable in this case. First, appellee withdrew his original appeal with prejudice, and therefore this statutory provision has no application to the situation before us. Secondly, assuming this case can be classified as an appeal within the meaning of this Code section, this statutory

"language is not applicable to appeals in which the condemnee challenges the right to condemn, [the validity of the condemnation proceeding or order, or otherwise directly or indirectly protests the condemnation itself,] as opposed [merely to challenging] the amount of the award." *Wrege*, supra at 242. Third, condemnees consistently have claimed that the condemnation judgment is void on its face due to apparent inconsistencies as to the description of the property or property interests being condemned. These inconsistencies should have been readily apparent to condemnees when the judgment was entered in 1976 and, certainly apparent by the time they timely filed their notice of appeal. In *Marshall v. Marshall*, 257 Ga. 494, 495 (360 SE2d 572), the trial court granted a motion to set aside a final judgment of divorce finding that an absence of personal jurisdiction over the wife amounted to a non-amendable defect on the face of the record. In reversing judgment, the Supreme Court held: " '(A) petition in equity would have been to no avail if [the husband] knew or should have in the exercise of reasonable diligence discovered' " the ground for setting aside the judgment, and nevertheless failed to raise it timely on appeal. Id. at 495. " 'This same diligence rule applies where appellant uses a motion to set aside the judgment and he is precluded from using the ground which he had known or could have discovered through reasonable diligence.' " (Citations omitted.) Id.; see *Lee v. Henson*, 198 Ga. App. 701, 702 (402 SE2d 548); see generally Gregory, Georgia Civil Practice, Judgment § 7-5 (D) (1). We conclude the rule of estoppel in *Wrege*, supra, applies whether the judgment is void on its face or merely voidable. An appellant cannot slumber on his rights, lull the opposing party into a false sense of litigative security, and then years later obtain a set aside of a judgment on a ground that should have been discovered through exercise of due diligence and timely appealed.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 17, 1993 —
RECONSIDERATION DENIED SEPTEMBER 15, 1993 ▮

*Weiner, Yancey & Dempsey, Beryl H. Weiner, Bryan P. Hilton,* for appellant.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellees.