A06A1703. MAYO v. CITY OF STOCKBRIDGE.
(646 SE2d 79)

PHIPPS, Judge.

In this condemnation action pursuant to OCGA § 22-2-100 et seq., Donna Bell Francis Mayo challenges the legality of the taking of her property by the City of Stockbridge, various evidentiary rulings by the superior court, the superior court's refusal to instruct the jury on attorney fees, and the award of attorney fees to the City. Because Mayo has failed to show any reversible error, we affirm.

The special master awarded Mayo $58,000 for her property; the City paid that amount into the registry of the superior court; and the superior court entered an order vesting in the City fee simple title to the property.

Mayo filed a notice of appeal from the special master's award and thereafter withdrew the $58,000 from the registry. A jury returned a verdict for Mayo in the amount of $63,361, upon which judgment was entered. The City moved for attorney fees under OCGA § 22-2-84.1. The motion was orally argued and then granted.

1. Mayo challenges the superior court's refusal to hear evidence that she claims would have supported her allegation that the City failed to establish that the taking was for a public purpose. She

complains that the City's condemnation petition stated that acquisition of her property was "necessary for the construction and development of public facilities to provide additional services to the citizens of the City," without further specifying such "public facilities" and "services."

The City filed a motion in limine to exclude any evidence Mayo would seek to introduce to support the anticipated allegation, arguing that Mayo had waived such nonvalue issue by failing to file an exception to the special master's award. The City further argued that Mayo was estopped from contesting the legality of the taking because she had withdrawn the funds deposited into the registry.

Mayo's attorney urged that the legality of the taking was of such importance that the superior court should consider the issue anyway. He also pointed out that there was no transcript of the special master's hearing and asserted, therefore, "what was raised and what was not raised is not known."

"In order to obtain review of the non-value issues determined by the special master, a party must file exceptions with the superior court prior to that court's entry of judgment on the special master's award. . . . Failure to file exceptions results in a waiver of the right to further litigate non-value issues."[1]

As in the superior court, Mayo has failed to show in this court that she challenged the propriety of the taking before the special master and that she excepted to a finding thereon by the special master.[2] The record before this court indicates that, subsequent to the entry of the special master's award and prior to the entry of the judgment upon the special master's award, Mayo filed only what can be considered a notice of appeal to a jury pursuant to OCGA § 22-2-112. Therein, she stated that "this notice is based on Condemnee's dissatisfaction with the estimated amount of compensation set forth in the Award of the Special Master." Such an appeal from the special master's award provided Mayo with a jury trial on value issues only and was inadequate to preserve nonvalue issues.[3]

---

[1] *Styers v. Atlanta Gas Light Co.*, 263 Ga. 856, 858 (1) (439 SE2d 640) (1994).

[2] See *Hall v. Ga. Dept. of Transp.*, 269 Ga. App. 546, 547 (604 SE2d 622) (2004) (reiterating that the burden is on the appellant to show error by the record); Court of Appeals Rule 25 (a), (c).

[3] See *Styers*, supra at 858 (an appeal from a special master's award seeking "a jury trial as to all issues in connection with this proceeding" provided the appellant with a jury trial only as to the issue of value and is inadequate to preserve nonvalue issues); *Beck v. Cobb County*, 180 Ga. App. 808, 810-811 (350 SE2d 818) (1986) (where special master did not make any specific findings as to nonvalue issues and appellants thereafter appealed the "case in its entirety," stating that they were "dissatisfied with the ruling" of the special master, such appeal seeking "jury trial as to all issues in connection with this proceeding" provided appellants only with a jury trial as to the issue of value and was inadequate to preserve nonvalue issues).

Moreover, the record confirms that Mayo withdrew the money awarded and paid into the registry. Having thereby acquiesced in the judgment of the superior court vesting title to the subject property, Mayo was estopped from protesting the condemnation.[4] "Obviously one can not voluntarily accept the money awarded for [her] property and still contest the right to condemn."[5]

Mayo has shown no reversible error in the superior court's refusal to hear evidence that she claims would have supported her allegation that the taking was illegal.

2. Mayo contends that the trial court erred by overruling her objection to the testimony of the City's expert, H. M. "Mit" Bradford, that a house, which had been constructed on the subject land around 1912, had no architectural components that enhanced the overall value of the acquired property. Mayo's objection was based on her claim that Bradford was not qualified to give such an expert opinion.

Whether a witness is qualified to give his opinion as an expert is a question for the court, which determination will not be disturbed absent manifest abuse.[6] To qualify as an expert, special knowledge may be derived from experience as well as study.[7]

As of trial time, Bradford had been appraising real estate for approximately 47 to 50 years. During those years, he had served government, commercial, and private individual clients and had appraised homes, commercial properties, and vacant lots, some of which had been in and around the City of Stockbridge.

Bradford testified that he had completed continuing education courses in appraising historic properties, that he was familiar with similar properties that had been constructed around the same period as the subject house, that he had restored such an older house, that he had owned older homes similar to the one at issue here, and that he had experience in removing and selling architectural components of historic houses. With respect to the subject house, Bradford testified that he had inspected the outside of the house and had reviewed aerial photographs of it. He had particularly noted that part of the porch had "fallen in" and that what apparently had been a garage was missing a roof. Bradford had peered into the windows of the house and had viewed the aerial photograph showing the inside of the apparent garage. Bradford determined that the house overall was "in very bad repair" and that "for these type floors that's in this house, there's no market for that. There's some market for mantels and some

---

[4] *Wrege v. Cobb County*, 203 Ga. App. 241, 242 (416 SE2d 562) (1992).

[5] Id. (citations and punctuation omitted).

[6] *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 712 (1) (225 SE2d 80) (1976).

[7] *Camelot Club Condo. Assn. v. Metro Lawns*, 161 Ga. App. 574 (1) (288 SE2d 325) (1982).

of the trim, but by the time you clean it up, get it out and clean it up . . . it's just not worth the trouble much."

In light of this evidence, the superior court did not abuse its discretion in allowing the contested opinion to go to the jury, to be given such weight as it saw fit.[8]

3. Mayo contends that the trial court erred in failing to strike Bradford's testimony concerning the value of the house on the ground that he had never entered it. Mayo relies upon *Ga. Power Co. v. Livingston*,[9] where it was determined that a witness was not competent to give his opinion of the value of a house in which he had never been.

> That case is not controlling. In the present case the witness[ ] testified as stated above as to [his] observations of the building[ ] before . . . the condemnation, and testified further, based on [his] experience with and knowledge of the building[ ] in question and like buildings, as to the value of structures of this type.[10]

4. Mayo contends that the trial court erred in refusing to instruct the jury:

> [If] a condemnee such as Mrs. Mayo appeals the award from the special master's award, as here, to the superior court, the condemnee shall be liable for such reasonable expenses incurred by the condemnor in delivering just and adequate compensation in the superior court unless the judgment in such court is for an amount of compensation which is greater than the special master's award by a[t] least twenty percent.

Mayo's attorney explained at the charge conference that he was planning to argue to the jury that, if Mayo's award did not exceed the special master's award by at least 20 percent, she faced being ordered to pay the City's attorney fees.

At the time of the jury trial in July 2005, OCGA § 22-2-84.1[11] provided that if a condemnee appeals a special master's award to superior court and if the appeal does not result in an increase to the special master's award of at least 20 percent, the condemnee "shall be

---

[8] See *Great Southern Enterprises*, supra.

[9] 103 Ga. App. 512 (119 SE2d 802) (1961).

[10] *State Hwy. Dept. v. Thomas*, 106 Ga. App. 849, 851 (2) (128 SE2d 520) (1962); see also *Skipper v. Dept. of Transp.*, 197 Ga. App. 634, 637 (2) (399 SE2d 538) (1990).

[11] Repealed. Ga. L. 2006, p. 39, § 6.

liable for reasonable expenses incurred by the condemnor in determining just and adequate compensation in the superior court"; the Code section further provided that such "reasonable expenses" included attorney fees.[12]

We find no error in the superior court's refusal to give the requested charge. The superior court correctly determined that the charge was not pertinent to the sole issue for the jury's determination: the fair market value of the subject property on the date of the taking.[13]

5. Mayo contests the award of attorney fees to the City.

(a) Mayo argues that the imposition of attorney fees upon a condemnee pursuant to OCGA § 22-2-84.1 effectively reduces the amount of the just and adequate compensation paid for the taking and therefore is unconstitutional.[14] This argument is controlled adversely to Mayo by *Martin v. Henry County Water & Sewerage Auth.*[15]

(b) Mayo complains that the City moved in limine to exclude documents provided to her during mediation, asserting that such documents included an appraisal that was higher than the one the City introduced at trial through its expert, Bradford. Mayo thus charges the City with engaging in deliberate tactics to procure a jury verdict that would not exceed the special master's award by 20 percent in order to punish her for pursuing a jury trial.

The record reveals that Mayo's attorney responded to the City's motion, "I don't know what document [the City's attorney is] talking about, Judge. And when the document comes, if it is the document she thinks is offensive, it can be objected to even in some instances when it's identified. But I don't think that there's anything about a mediation document that my case depends on." In this court, rather than citing any subsequent ruling by the superior court on the City's motion, Mayo concedes in her brief, "The trial court reserved ruling on the motion in limine."

"Where there is no final ruling upon an issue by the trial court, there is nothing for the appellate court to pass upon, for this court is

---

[12] See *Martin v. Henry County Water & Sewerage Auth.*, 279 Ga. 197, 198 (1) (610 SE2d 509) (2005).

[13] See Division 1, supra; OCGA § 22-2-112.

[14] See 1983 Ga. Const. Art. I, Sec. III, Par. I (a) (private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid).

[15] Supra at 198-199 (because the appeal permitted by OCGA § 22-2-100 et seq. is a matter of legislative grace, and because a property owner does not have a constitutional right to a trial by jury on the question of just and adequate compensation, OCGA § 22-2-84.1 (a) does not violate a property owner's constitutional right to receive just and adequate compensation before a taking of his property occurs).

a court for the correction of errors made in the trial court."[16] Mayo has shown no reversible error in connection with the City's motion. Furthermore, "[a]ny litigant is entitled to select as his witnesses for presenting issues of value and damage those people who he believes will more nearly present the truth of the matter."[17]

*Judgment affirmed. Smith, P. J., and Ruffin, J., concur.*

DECIDED MARCH 27, 2007 —
RECONSIDERATION DENIED APRIL 13, 2007 — 

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellant.

*Anne W. Sapp*, for appellee.

---

[16] *Blakely & Son, Ltd. v. Humphreys*, 148 Ga. App. 281, 283 (1) (250 SE2d 826) (1978).

[17] *Dept. of Transp. v. Willis*, 165 Ga. App. 271 (1) (299 SE2d 82) (1983).