## A07A0128. SHERMAN v. THE STATE.

(644 SE2d 901)

RUFFIN, Judge.

Shawn Sherman appeals from a jury verdict finding him guilty of aggravated assault, two counts of burglary, and possessing a firearm during the commission of a felony. His sole enumeration of error challenges the sufficiency of the evidence against him. Because the evidence was sufficient, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, "[w]e view the evidence in [a] light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[1] We neither weigh the evidence nor determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So construed, the evidence shows that Benton Everly, who was seventy-one years old at the time of the trial, had at least six burglaries at his house between Thanksgiving and December 22, 2004, including one incident where Everly answered the door and a young male unsuccessfully tried to force his way into the house. Because of the burglaries, Everly began carrying a revolver. On December 22, 2004, at approximately 9:30 a.m., Everly was in his bathroom when he heard someone break through the back door. Everly, armed with his gun, entered the kitchen and hid beside the refrigerator. One of the male intruders saw Everly's reflection in the microwave, reached around the refrigerator, shot him in the chest, and fired three additional shots. Everly returned fire, shooting the intruder "somewhere between the armpit and the waist." According to Everly, the shooter wore a black ski mask and a dark, bulky jacket, and the second intruder, "a relatively small person," wore a mask and dark clothing. Everly racially described both men, but was unable to see their faces. After the victim fired his gun, the two intruders fled through the patio door.

Everly called 911 and was transported to the hospital. While he was being treated, Everly thought he observed the man who tried to force his way into his home several days before. The police showed Everly a photographic lineup, but he was unable to identify the individual.

While investigating the crime, the police recovered a nine millimeter handgun, a crowbar, black ski masks, and two gloves along a path between the victim's backyard and Nisbet Drive. Police also

---

[1] *Dasher v. State*, 281 Ga. App. 326, 328 (1) (636 SE2d 83) (2006).
[2] See id.

learned that approximately ten to eleven minutes after the first call for assistance to Everly's house, Sherman had arrived at the hospital for treatment for a gunshot wound. Police viewed the hospital surveillance camera and observed that Sherman had been left at the hospital by two men in a "little red or . . . dark maroon four-door" vehicle. The police also learned that the other passenger in the car was Dexter Johnson, Sherman's brother, and the owner of the vehicle was Dondre Williams.

The authorities interviewed SaMekia Sweet, a witness who lived near Everly and heard multiple gunshots the day of the shooting. Sweet looked from her window and observed three males wearing khaki pants and bulky jackets running from the backyard of a house on Nisbet Drive. Sweet saw them get into a red, four-door car. The police showed Sweet the still photograph of the vehicle from the hospital surveillance camera, and she identified the car as the one she observed leaving the scene and stated that the men in the photograph were wearing the same clothes as the men she saw fleeing the area.

Sherman's brother, Johnson, testified that Williams came to his house on December 22, 2004 and told him that Sherman had been shot. Williams, who was driving a red, four-door car, drove Sherman and Johnson to the hospital. Sherman, wearing "light colored gray pants," was lying down in the back seat and holding his wound. Johnson also testified that he observed "three big coats" in the car. According to Johnson, Williams told him that he shot Everly in the chest.

The police submitted the ski masks they found at the crime scene to the Georgia Bureau of Investigation (GBI) crime lab. According to the GBI forensic biologist, the DNA profile from one of the ski masks matched Dondre Williams's DNA, and the other ski mask contained DNA that matched that of Dexter Johnson. The DNA from the masks did not match that of Sherman.

On appeal, Sherman argues that the evidence introduced by the State was insufficient to warrant his conviction because it was circumstantial, failed to exclude all reasonable hypotheses save that of guilt, and was consistent with his innocence. Georgia law provides that when the evidence is entirely circumstantial, a conviction will be sustained only if the proven facts are both consistent with the hypothesis of guilt and exclude every other reasonable hypothesis except the guilt of the defendant.[3] But "it is not necessary for circumstantial evidence to exclude every *conceivable* hypothesis of a

---

[3] See OCGA § 24-4-6.

defendant's innocence in order to authorize a conviction; only *reasonable* hypotheses must be excluded."[4] The jury decides questions concerning the reasonableness of hypotheses, and where the jury is authorized to find that the evidence was sufficient to exclude all reasonable hypotheses except that of guilt, that finding will only be reversed if it is unsupportable as a matter of law.[5]

Significantly, we note that Sherman has failed to offer any hypothesis whatsoever — reasonable or otherwise — that the evidence was consistent with his innocence. As explained, the victim testified that he shot one of the intruders. Shortly after the burglary, Sherman was treated for a gunshot wound; he arrived at the hospital in a vehicle matching the description of the automobile seen leaving the crime scene. DNA found on ski masks found at the scene matched that of the owner of the car and the other passenger, Sherman's brother. According to Sherman's brother, the driver of the car admitted that he shot the victim. In light of this evidence and based on our review of the entire record, we find ample evidence from which a rational trier of fact could have concluded beyond a reasonable doubt that Sherman was guilty of the offenses of which he was convicted.[6] Accordingly, Sherman's challenge to the sufficiency of the evidence is without merit.[7]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 6, 2007.

*Adams, Hemingway & Wilson, Scott C. Huggins*, for appellant.
*Howard Z. Simms, District Attorney, Nancy S. Malcor, Dorothy V. Hull, Assistant District Attorneys*, for appellee.

---

[4] (Emphasis in original.) *Barela v. State*, 271 Ga. 169, 171-172 (517 SE2d 321) (1999).

[5] See *Horne v. State*, 281 Ga. 799, 801 (1) (642 SE2d 659) (2007); *Barela*, supra.

[6] See *Barela*, supra; *Brown v. State*, 267 Ga. App. 642, 645-646 (1) (a), (b) (600 SE2d 731) (2004); *Lighten v. State*, 259 Ga. App. 280, 282 (1) (576 SE2d 658) (2003).

[7] See *Lighten*, supra.