## A08A0414. BULGIN v. GEORGIA DEPARTMENT OF TRANSPORTATION.

(663 SE2d 730)

RUFFIN, Presiding Judge.

A White County jury returned a verdict, awarding Gwendell Bulgin $12,600 as just and adequate compensation for condemned land taken by the Georgia Department of Transportation ("DOT") for highway expansion, and the trial court entered a final judgment in this amount. Bulgin appeals, asserting several grounds. For the following reasons, we affirm.

Viewed favorably to the verdict,[1] the evidence shows that in December 2005, the DOT petitioned to condemn .072 acres belonging to Bulgin for an easement necessary for widening a highway. The DOT paid $2,740 into the court registry as just compensation for the taking. Bulgin appealed the award, seeking a jury trial. Following a trial, the jury awarded Bulgin $12,600 in compensation. Bulgin appeals, arguing that: (1) the petition to condemn should have been amended since it did not accurately identify the condemned land; (2) the petition to condemn should have been dismissed as it was not accompanied by a properly notified certificate of appraiser; (3) the trial court erred in failing to strike the testimony of DOT's real estate appraiser; and (4) the trial court erred in failing to grant a mistrial. We address each argument in turn.

1. As a threshold matter, we must address certain violations of this Court's rules, which have greatly hampered our review of this

---

[1] See *Ga. Power Co. v. Jones*, 277 Ga. App. 332 (626 SE2d 554) (2006).

appeal. First, we note that appellant's counsel, Richard Hubert, has disregarded this Court's rule, which mandates that the sequence of arguments in the brief "shall follow the order of the enumeration of errors, and shall be numbered accordingly."[2] Hubert also has failed to follow Court of Appeals Rule 25 (a) (1), which requires that factual assertions be supported by citation to

> such parts of the record or transcript essential to a consideration of the errors complained of. . . . Record and transcript citations shall be to the volume or part of the record or transcript and the page numbers that appear on the appellate record or transcript as sent from the trial court.

Although Hubert's brief does provide some citation to the record, there are many factual assertions that are unsupported. "We remind counsel that it is not the job of the Court of Appeals to cull the record on behalf of a party, and that a lack of proper citations greatly hinders our consideration of the issues on appeal."[3]

2. Bulgin contends that the trial court erred in denying his pretrial motion seeking to have the petition to condemn amended to include additional land being taken and to exclude the testimony of Jon West, an appraiser for the State. Whereas the declaration of taking referenced "Parcel Number 27" as encompassing .072 acres, Bulgin claims that DOT also condemned a portion of another parcel, Parcel 30.[4] In his brief, Bulgin maintains that the trial court denied his pretrial motion at a hearing held on June 22, 2007. But Bulgin fails to show in the record where the trial court made its alleged erroneous ruling, and our cursory review of the record shows no transcript from a June 22, 2007 hearing.[5]

" 'It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.' "[6] It follows that, based upon Bulgin's failure to ensure

---

[2] Court of Appeals Rule 25 (c) (1); *Collins & Assoc. v. Henry County Water and Sewerage Auth.*, 290 Ga. App. 782, n. 2 (661 SE2d 568) (2008).

[3] *Latimore v. City of Atlanta*, 289 Ga. App. 85, 86 (1) (656 SE2d 222) (2008).

[4] According to DOT, Parcel 30 was not part of the instant condemnation action.

[5] The notice of appeal specifically requests that the "transcript of the trial" be included in the appellate record, but no mention is made of a transcript from a pretrial hearing.

[6] *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005).

the necessary transcript was included in the record and/or his failure to properly cite the record, we need not review this alleged error.[7]

3. Bulgin also argues that the trial court erred in failing to dismiss the condemnation petition based upon the lack of a properly notarized certificate of appraiser. Specifically, Bulgin contends that appraiser West did not sign the certificate before a notary public, instead signing the document after it had been notarized.[8] However, Bulgin fails to establish either that he moved to have the complaint dismissed or that the trial court ruled on such motion.[9] Under these circumstances, we will not consider Bulgin's argument as we do not address issues neither raised in nor ruled upon by the trial court.[10]

4. Rae Greene, an appraiser employed by DOT, testified regarding the fair and just compensation due Bulgin for the land condemned. After setting forth the proper methodology for valuing an easement, Greene testified that he had calculated the appropriate compensation for the .072 acres condemned to be $12,600. Greene also testified regarding two temporary easements: a driveway easement to allow the contractor to build a driveway to maintain Bulgin's ingress and egress to his property and a fence easement to allow contractors onto the property to build a new fence for Bulgin. According to Greene, he did not include any compensation for either temporary easement because the improvements were for Bulgin's use and any temporary loss would be offset by the improvement. Bulgin moved to strike Greene's testimony "on the ground[s] that [Greene] did not value all property interests taken and improperly offset benefits against the value of the taking, as oppos[ed] to only consequential damages, if any, as provided by Georgia law."

"Where expert opinion is involved, the trial court has broad latitude in admitting, limiting, or denying such testimony."[11] And our Supreme Court has recognized that "[i]f the taking of a temporary easement can be shown by competent evidence to have diminished the fair market value of the land not taken, the owner is entitled to just and adequate compensation."[12] It stands to reason, then, that if evidence can be adduced that the taking of a temporary easement has diminished the fair market value, competent evidence

---

[7] See *Brown v. State*, 251 Ga. 598, 601 (3) (308 SE2d 182) (1983).

[8] DOT points to the fact that the appraiser's affidavit attached to the Declaration of Taking was signed by David Davis, and Bulgin does not contend that this certificate was improperly notarized.

[9] Bulgin cites to his pretrial motion – presumably to show that the issue was at least raised – but the motion did not seek dismissal of the complaint.

[10] See *Reece v. Chestatee State Bank*, 260 Ga. App. 136, 140 (1) (579 SE2d 11) (2003).

[11] *Dept. of Transp. v. Arnold*, 243 Ga. App. 15, 20 (3) (530 SE2d 767) (2000).

[12] (Punctuation omitted.) *Dept. of Transp. v. Edwards*, 267 Ga. 733, 737 (1) (b) (482 SE2d 260) (1997).

should also be admitted to establish the fact that the temporary taking has *not* diminished the fair market value, which is what occurred here. Under these circumstances, the court did not abuse its discretion in failing to strike such testimony.[13]

Bulgin's argument to the contrary does not persuade us. Bulgin cites *Merritt v. Dept. of Transp.*[14] for the proposition that consequential benefits to remaining property may be shown only as an offset against consequential damages and not as an offset against property actually taken. However, we find *Merritt* inapplicable. Significantly, that case did not involve a temporary taking. Moreover, we note that Greene's testimony was directed toward valuing the property as a whole, rather than any consequential benefits to the remainder.[15]

5. In his final enumeration of error, Bulgin contends that the trial court erred in failing to declare a mistrial after the trial court made what Bulgin characterizes as "intemperate remarks" directed toward Bulgin's attorney. We find this enumeration to be meritless.

The trial court is vested with discretion in determining whether to grant a mistrial, and we review its ruling in this regard for abuse of discretion.[16] A trial court also enjoys broad discretion in handling a trial and controlling the court room, which may include calling counsel to task for its conduct.[17] Here, Bulgin complains that the trial court became irked with his attorney, raised her voice toward counsel, and improperly "lectur[ed]" him about his courtroom conduct. We note that this colloquy took place outside the presence of the jury.[18] Moreover, we have read the exchange, which involved the trial court rebuking counsel for continuously interrupting or "talking over" the judge. The trial court clearly acted within her authority, and we find no abuse of discretion in the denial of a mistrial on this basis.[19]

Bulgin also complains that the trial court should have granted a mistrial after improperly commenting upon the evidence. Pursuant to OCGA § 9-10-7, a judge is prohibited from expressing or intimating his or her "opinion as to what has or has not been proved." Here, Bulgin challenges the trial court's statement that a witness was not qualified to answer a legal question. However, "[p]ertinent remarks made by a trial court in discussing the admissibility of evidence or

---

[13] See *Mayo v. City of Stockbridge*, 285 Ga. App. 58, 61 (2) (646 SE2d 79) (2007).
[14] 147 Ga. App. 316, 317 (1) (248 SE2d 689) (1978), rev'd on other grounds, *Dept. of Transp. v. Merritt*, 243 Ga. 52 (252 SE2d 508) (1979).
[15] See *Bagley v. City of Alma*, 178 Ga. App. 474, 475 (2) (343 SE2d 740) (1986).
[16] See *McEachern v. McEachern*, 260 Ga. 320, 322 (2) (394 SE2d 92) (1990).
[17] See *Morales v. State*, 286 Ga. App. 698, 701 (2) (649 SE2d 873) (2007).
[18] See id.
[19] See *Buttram v. State*, 280 Ga. 595, 598 (8) (631 SE2d 642) (2006).

explaining its rulings do not constitute prohibited expressions of opinion."[20] Thus, we find the trial court's statement to be wholly unobjectionable.

Bulgin also contends that the trial court improperly "made a voluntary offering of evidence as to who uses herbicides in the county." We find this contention particularly specious, as this allegedly improper comment was made outside the presence of the jury.[21] Moreover, Bulgin did not object or timely move for a mistrial when the comment was made, which precludes our review of this alleged error.[22]

Finally, Bulgin argues that the trial court improperly commented upon the evidence "when she summarized what she believed the jury was thinking in the presence of the witness who was sitting on the stand." Again, however, this colloquy took place outside the presence of the jury and thus could not violate OCGA § 9-10-7.[23] Furthermore, we have read the judge's statement, and we find Bulgin's contention to be a gross mischacterization of the judge's comments. In any event, this claim of error presents no basis for reversal.[24]

*Judgment affirmed. Andrews and Miller, JJ., concur.*

DECIDED MAY 29, 2008 —
RECONSIDERATION DENIED JUNE 17, 2008 — 

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Nicholas S. Papleacos*, for appellant.

*Thurbert E. Baker, Attorney General, Hulsey, Oliver & Mahar, Thomas L. Fitzgerald*, for appellee.

---

[20] *Morrison v. Morrison*, 282 Ga. 866, 867 (1) (655 SE2d 571) (2008).

[21] See *Mahsa, Inc. v. Al-Madinah Petroleum, Inc.*, 276 Ga. App. 890, 894 (2) (a) (625 SE2d 37) (2005).

[22] See *McConnell v. Akins*, 262 Ga. App. 892 (1) (586 SE2d 688) (2003) ("A motion for mistrial must be made at the time the alleged harmful error is committed.").

[23] See *Mahsa, Inc.*, supra.

[24] See id.