A08A0021. GEORGIA DEPARTMENT OF TRANSPORTATION
v. BOWLES et al.
(666 SE2d 92)

BARNES, Chief Judge.

The Georgia Department of Transportation ("DOT") appeals from the trial court's dismissal of its condemnation petition under OCGA § 32-3-4 against property owned by Lynn and Judy Bowles and Synovus Mortgage Corporation (collectively "the Bowles"). The court dismissed the petition because it found that DOT's failure to submit a properly attested affidavit[1] with its petition was fatal.

DOT contends the Bowles waived any right to challenge the sufficiency of the petition because they failed to raise the issue within 30 days after the filing of the petition as required by OCGA § 32-3-11,[2] even though the Bowles' counsel stated that he had known of the problem with the affidavit for years. DOT also contends the Bowles are estopped from contesting the right to condemn the

---

[1] The affidavit was signed by the witness, but the signature was not notarized properly. The notary's stamp was affixed to the document some time later.

[2] (a) Upon proper pleadings and evidence, under the applicable rules of law, the judge of the superior court shall have the authority to set aside, vacate, and annul the declaration of taking, together with any title acquired thereby, in the same way and manner and for the same reasons as are provided by Code Sections 23-2-60 ["Fraud will authorize equity to annul conveyances, however solemnly executed."] and 9-11-60. The power of the court in this respect shall not be construed as extending to a determination of questions of necessity, but there shall be a prima-facie presumption that the property or interest condemned is taken for and is necessary to the public use provided for in this article.

(b) The power of the court as described in subsection (a) of this Code section shall be restricted to the following questions:

(1) Fraud or bad faith, as contemplated by Code Sections 23-2-60 and 9-11-60;

property because they withdrew the money that DOT had deposited in the Court. We agree.

The record shows that the petition was filed and the funds deposited with the court on April 19, 2001, the Bowles' notice of appeal demanding a jury trial and expressing their dissatisfaction with the estimated amount of compensation was filed May 18, 2001, the Bowles' attorney filed a Certification for Withdrawal of Funds on November 14, 2001, and the order condemning the funds was entered also on November 14, 2001.

Thereafter, during the trial to determine the value of the property, the Bowles orally moved to dismiss the petition because the affidavit of the appraiser was not attested to properly, and the trial court granted the motion because the affidavit was not properly notarized. This appeal followed.

Pretermitting whether a court may grant a motion to dismiss a petition made more than 30 days after service for failure to submit a properly attested affidavit, the Bowles were estopped from challenging the taking because they withdrew the money deposited in the court registry. " '[O]ne can not voluntarily accept the money awarded for her property and still contest the right to condemn.' [*Wrege v. Cobb County*, 203 Ga. App. 241, 242 (416 SE2d 562) (1992).]" *Mayo v. City of Stockbridge*, 285 Ga. App. 58, 60 (1) (646 SE2d 79) (2007). "Having thereby acquiesced in the judgment of the superior court vesting title to the subject property, [the Bowles were] estopped from protesting the condemnation." Id. The rule is that

> by accepting payment for the property, condemnees are broadly estopped from contesting not only the county's right to condemn the property but also the *validity* of the

---

(2) The improper use of the powers of this article, such as are not contemplated by this article;

(3) The abuse or misuse of the powers of this article; and

(4) Such other questions as may properly be raised, including the question of whether or not this article has been invoked in some respect beyond the privileges conferred by this article or by an unauthorized agency, county, or municipality.

(c) If the condemnee desires to raise such questions as are outlined in subsection (b) of this Code section, the same shall be done by proper pleadings, in the form of a petition addressed to the judge of the superior court having jurisdiction thereof, filed in the same proceedings not later than 30 days subsequent to the date of service upon the condemnee of the declaration of taking. The presiding judge shall thereupon cause a rule nisi to be issued and served upon the condemnor, requiring him to show cause at a time and place designated by the judge why the title acquired by the declaration of taking should not be vacated and set aside in the same way and manner as is now provided for setting aside deeds acquired by fraud. Such hearing shall be had not earlier than 15 days from the time of service of the rule nisi upon the condemnor, nor later than 60 days from the date of filing of the declaration of taking, and with the right of appeal by either party, as in other cases.

taking. The condemnees' acceptance of payment after an award estops the condemnees thereafter from urging objections to the condemnation proceedings, to the necessity of the taking, or to the *validity* of the condemnation proceedings. That is, they are estopped from directly or indirectly protesting the condemnation itself. However, if timely pursued, acceptance of payment would in no way preclude one from protesting the value *amount* of the award.

(Citation and punctuation omitted.) *Fulton County v. Threatt*, 210 Ga. App. 266, 267 (1) (435 SE2d 672) (1993).

Accordingly, the trial court erred by dismissing DOT's petition and the judgment of the trial court must be reversed.

*Judgment reversed. Johnson, P. J., and Andrews, J., concur.*

DECIDED JULY 3, 2008 —
RECONSIDERATION DENIED JULY 23, 2008 

*Thurbert E. Baker, Attorney General, Smith, Shaw & Maddox, Virginia B. Harman*, for appellant.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Nicholas S. Papleacos*, for appellees.